**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LORETTA T. AVENT, a married woman, | No. 08-16419 |
| Plaintiff - Appellant, | D.C. No. 2:05-cv-04211-SMM |
| v. | |
| TEMPE UNION HIGH SCHOOL DISTRICT NO. 213, a political subdivision of the State of Arizona, | MEMORANDUM [*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Stephen M. McNamee, District Judge, Presiding

Argued and Submitted November 5, 2009
San Francisco, California

Before: GOODWIN and TALLMAN, Circuit Judges, and MILLS, [**] District Judge.

Plaintiff-Appellant, Loretta T. Avent, appeals the district court's grant of

summary judgment to Defendant-Appellee, Tempe Union High School District No.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The Honorable Richard Mills, Senior United States District Judge, Central District of Illinois, sitting by designation.

213 ("Tempe Union"), on her civil rights claim of retaliation in violation of the

First Amendment. A district court's grant of summary judgment is reviewed *de*

*novo*. *Gossett v. Czech*, 581 F.3d 891, 893 (9th Cir. 2009). Summary judgment is

appropriate when, "viewing the evidence in the light most favorable to the non-

moving party," there are no genuine issues of material fact.[1] *Delta Sav. Bank v.*

*United States*, 265 F.3d 1017, 1021 (9th Cir. 2001) (citing *Lopez v. Smith*, 203

F.3d 1122, 1131 (9th Cir. 2000) (en banc)). Because we agree with the district

court that Avent's speech was not a substantial or motivating factor in the

rescission of her contract, we do not reach the question whether she spoke as a

private citizen or a public employee. We have jurisdiction pursuant to 28 U.S.C.

§ 1291, and we affirm.

The following facts are not in dispute. On April 26, 2005, representatives

from Tempe Union, Desert Vista, and the Gila River Indian Community met, along

---

[1] Avent alleges that the district court failed to view the evidence in the light most favorable to her because the court used Tempe Union's Reply Statement of Facts to determine what facts were in dispute. Avent failed to comply with the local rules in her Statement of Facts. The district court could have, therefore, deemed all Tempe Union's statements of fact admitted. D. Ariz. L.R. 56.1(b)(2). Rather than imposing the sanction allowed by rule, the district court looked to Tempe Union's Reply, which comported with the local rules, to determine what facts were in dispute. This was not clear error. We have examined both Tempe Union and Avent's statements of fact and have discovered no genuine issue of material fact regarding the reason for the rescission of the offer to renew Avent's one-year contract.

with parents and students, to discuss difficulties for Native American students at Desert Vista. At that meeting, Avent stated that Desert Vista was not meeting its educational mission to Native American students, that the students were being mistreated, and that Dr. Joe McDonald, the principal of Desert Vista, was a poor leader. The meeting was attended by members of the press and resulted in at least six newspaper articles and other news media stories, according to Avent's application for Injunction Against Harassment discussed below.

Two weeks later, on May 10, 2005, McDonald contacted Janet Seegren, Associate Superintendent for Human Resources for Tempe Union and indicated that he had concerns regarding Avent's job performance. The next day, McDonald put his concerns in writing.[2] Nonetheless, the same day, May 11, 2005, Tempe Union's administration recommended that Avent's contract be renewed for the following year, and the recommendation to offer the renewal was adopted by the Governing Board.

On May 12, 2005, Avent obtained, ex parte, an Injunction Against Harassment against McDonald from an Arizona justice court ordering that McDonald not contact Avent in person or by telephone, or go near her residence.

---

[2] Avent argues that McDonald wanted to get her fired for her statements at the April 26, 2005, meeting. For the purposes of the motion for summary judgment, we assume that to be true.

The next day, May 13, 2005, Seegren attempted to meet with Avent to arrange her work schedule so as to minimize contact with McDonald in conformance with the Injunction. Avent refused to speak with Seegren and told her to contact her lawyer. Seegren then sent Avent a letter, via Avent's counsel, with instructions regarding her work at Desert Vista, including where to park and clock in and to whom she should now report.

Avent took an unauthorized personal day on May 16, 2005, apparently informing only her former supervisor, Roseyn Hood, rather than her new supervisor, assistant principal Bob Cox.[3] That afternoon, Seegren was served with a Notice of Hearing prior to Injunction Against Harassment, identifying Seegren as the defendant and Avent as the complaining party. Avent also sought injunctions against Cox and Beth Lyon, the Desert Vista Counseling Office receptionist. The record does not indicate whether the injunctions issued.

On May 17, 2005, Avent returned to work, but she failed to park where she had been directed. Instead she parked next to the administration building where McDonald worked and clocked in at the administration building rather than the

---

[3] Avent alleges that her supervisor never changed. However, Seegren's letter of May 13, 2005, states explicitly that Avent was no longer to report to Hood and that she should contact Cox if she had concerns or difficulties with the directions contained in the letter. Both Hood and Cox are assistant principals at Desert Vista.

cafeteria, as she had been directed in writing. When the lead security guard, Joe Feinstein, attempted to deliver a letter to Avent she refused to accept the letter and told him that, if anything needed to be given to her, it should go to her lawyer. Later in the day, Cox attempted to speak to Avent, and she threatened to call the police and have him arrested if he spoke to her. That day, the Tempe Union Superintendent signed a Notice of Reassignment to Home for Avent. When Cox attempted to deliver it to her, Avent refused to accept the written notice, which was then read aloud to her, mailed to her home, and faxed to her attorney.

Finally, on June 8, 2005, at the next meeting of the Governing Board, the Tempe Union administration recommended that the Board rescind its offer to extend Avent's employment contract for the following school year. The recommendation cites the events of May 13 and 17, 2005.[4] Based on those events, the administration determined that "Ms. Avent is unwilling to perform her assigned duties . . . and is unwilling to respond to reasonable direction from her

---

[4] Avent does not deny the events of May 13 or 17, but instead "denies that she was insubordinate in any lawful directive from her assigned supervisor." Avent claims she was not required to take direction from anyone other than Hood. However, Seegren and Cox were both in positions of authority over Avent, and the directives of Seegren and Cox were not unlawful. Avent argues that they were attempting to modify the terms of the Injunction; however, the record is clear that the directions contained in Seegren's letter comported with the terms of the Injunction while allowing McDonald to continue performing his duties as principal.

supervisors." The Governing Board then rescinded Avent's offer of re-employment.

Even viewing these facts in the light most favorable to Avent, she has failed to provide evidence to establish a retaliatory motive behind the rescission of her contract as required by *Pinard v. Clatskanie School District 6J*, 467 F.3d 755, 771 n.21 (9th Cir. 2006) (citing *Keyser v. Sacramento City Unified Sch. Dist.*, 265 F.3d 741, 751–52 (9th Cir. 2001)).

The major hurdle she cannot overcome is the fact that Tempe Union's first action after Avent's highly publicized April 26, 2005, speech was to authorize the offer to renew her one-year employment contract on May 11, 2005. This breaks any inference the jury might otherwise have drawn from the relative temporal proximity of the speech and the contract rescission. It also precludes the inference that McDonald's opposition to the speech led to the rescission of the offer because Avent alleges that McDonald made his opposition to the speech known immediately after the speech, not just on May 10 and 11, 2005, when he contacted Seegren. Finally, there is no evidence presented that Tempe Union's proffered reason for rescinding Avent's contract was false or pretextual.

The events of May 13 and 17, 2005, are uncontroverted. Avent refused to speak to several of her direct superiors, refused lawful directives from those

superiors, and threatened to have her supervisor arrested for speaking with her. Further, Avent has failed to demonstrate how she could have continued working at Desert Vista when she had sought or obtained injunctions against the Associate Superintendent of Human Resources, the Desert Vista principal, and an assistant principal, all of whom would ordinarily be required to work with Avent and direct her work.

In sum, the district court did not err when it granted summary judgment to Tempe Union because Avent failed to demonstrate a genuine issue of material fact regarding the reason her contract was rescinded.

**AFFIRMED.**